Opinion issued July 3, 2008










 
 


    


In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-01104-CV
____________

DANIEL GOLDBERG, Appellant

V.

THE COMMISSION FOR LAWYER DISCIPLINE AND THE STATE BAR
OF TEXAS, Appellees




On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2007-61478



 
CONCURRING OPINION

          There is much less to this case than meets the eye.  
          Appellant, Daniel Goldberg, challenges the trial court’s dismissal of his suit 
upon the plea to the jurisdiction of appellees, the Commission for Lawyer Discipline
(the “Commission”) and the State Bar of Texas (the “State Bar”). Goldberg seeks
a declaration that he “is entitled to the immediate restoration” of his Texas law license
and that “the judgment of [his] disbarment be declared void.” He asserts that he is
seeking to “restore” his law license, in contrast to having it “reinstated.” See Tex. R.
Disciplinary P. 11.01, reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. G app. A-1
(Vernon 2005). Thus, he argues, the trial court had subject matter jurisdiction to
declare his law license restored and his disbarment void. See id.
          In support of his position, Goldberg relies on Cuellar v. State, 70 S.W.3d 815
(Tex. Crim. App. 2002). In Cuellar, the Texas Court of Criminal Appeals noted that, 
after a criminal defendant has successfully completed community supervision, the 
trial court may, in its discretion, exercise “judicial clemency” and permit the
defendant to withdraw his plea and then dismiss the indictment against the defendant. 
Id. at 819–20 (citing Tex. Code. Crim Proc. Ann. art 42.12, § 20(a) (Vernon Supp.
2007)). Because the conviction was set aside and Cuellar was “not a convicted
felon,” the court held that he could not be subsequently prosecuted for the offense of
being a felon in possession of a firearm. Id. at 820 (citing Tex. Penal Code. Ann. 
§ 46.04(a) (Vernon Supp. 2007)). 
          Here, however, Goldberg, prior to the criminal district court’s dismissal of the
felony theft indictment against him, had accepted and completed community
supervision for having committed the intentional offense of aggregate theft. Texas
Rule of Disciplinary Procedure 8.05 provides,
When an attorney has been convicted of an [i]ntentional [offense], and
that conviction has become final, or the attorney has accepted
[community supervision] with or without an adjudication of guilt for an
[i]ntentional [offense], the attorney shall be disbarred . . . .

Tex. R. Disciplinary P. 8.05 (emphasis added). The only way for a person who has
actually been disbarred to get his law license back is to petition the district court of
the county of his residence for reinstatement. Tex. R. Disciplinary P. 11.01. 
Moreover, no person who has been disbarred “by reason of conviction of or having
been placed on [community supervision] without an adjudication of guilt” for an
intentional offense is eligible to apply for reinstatement until five years following the
date of completion of sentence, including any period of community supervision. Id. 
(emphasis added). 
          It matters not that the felony theft indictment was subsequently dismissed after
Goldberg successfully completed community supervision. The simple fact remains
that Goldberg had previously accepted community supervision for committing the
intentional offense, and he suffered the compulsory discipline of disbarment. Thus,
he must wait five years after the date that he successfully completed community
supervision to petition the district court for reinstatement. See id. Accordingly, I
agree that the trial court did not have subject matter jurisdiction to declare that
Goldberg’s law license was restored and did not err in granting the plea to the
jurisdiction of the Commission and the State Bar.


 
Terry Jennings
Justice

Panel consists of Justices Taft, Jennings, and Bland.

Justice Jennings, concurring.